# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

IN RE CIVIL INVESTIGATIVE　　　　　　　　　NO. 5:18-MC-20-DCB-MTP
DEMAND NO. 17-006

**ORDER AND OPINION**

The Court, on its own motion, raises the issue of subject-matter jurisdiction in light of the Government's withdrawal of the civil investigative demand that formed the basis of this case. For the reasons that follow, this case is MOOT and must be DISMISSED WITHOUT PREJUDICE.

**I.　Background**

This dispute arises from a civil investigative demand the Government issued to Franklin County Memorial Hospital (the "Hospital") to probe Medicare cost reporting fraud involving critical access hospitals across Mississippi.

On February 16, 2018, the Hospital petitioned this Court for an order setting aside the civil investigative demand. See Doc. 1. The Government then moved the Court to enforce the civil investigative demand. See Doc. 5.

On May 21, 2018, the Court entered an Order deferring a ruling on the motions and directing the Government to address the question whether its activity in a related case deprived it of statutory authority to issue and enforce the civil investigative demand challenged in this case. See Doc. 6.

On June 2, 2018, the Government notified the Court and the Hospital that it had decided to withdraw the challenged civil investigative demand and the motion to enforce that demand. See Doc. 13.

**II. Mootness**

The Court's jurisdiction extends only to "cases" and "controversies." U.S. CONST. Art. III, § 2. To justify jurisdiction, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016) (citation omitted).

A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (internal citation and quotation marks omitted).

Here, the Hospital sued solely to set aside or modify the Government's civil investigative demand. The Government has withdrawn that demand, so there are no live issues to adjudicate,

and this case is moot. Because this case is moot, it no longer qualifies as a "case" or "controversy" under Article III. The Court therefore lacks subject-matter jurisdiction over this case and must dismiss it without prejudice.

Accordingly,

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE as MOOT.

A Final Judgment shall issue this day in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 19th day of July, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE